IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JAMIE E. BYRD, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) CASE NO. CV408-149 |
| D.B. DREW, Warden, | ) ) ) |
| Respondent. | ) ) |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 2) and Petitioner's Objections (Doc. 4). The Magistrate Judge recommends that Petitioner's 28 U.S.C. § 2254 petition be dismissed as defective because Petitioner sought relief from seven convictions in the different state courts. After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge and **ADOPTS** the Report and Recommendation as the opinion of this Court. Accordingly, the petition is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

Rule 2(e) of the Rules Governing § 2254 Cases in District Courts requires "[a] petitioner who seeks relief from judgments of more than one state court [to] file a separate petition covering the judgment or judgments of

each court." While a petitioner may challenge separate convictions from a "<u>court</u> of the same county or judicial district or circuit," Advisory Committee Notes to the 1976 adoption of Rule 2 of the Rules Governing § 2254 Cases in District Courts (emphasis added),[1] the rule prevents a Petitioner from challenging multiple convictions imposed by more than one specific court, even though those courts may share the same geographic area of personal jurisdiction and have some concurrent subject matter jurisdiction.

In this case, Petitioner has challenged two convictions in Chatham County Superior Court, two convictions in Chatham County State Court, and three convictions in Chatham County Recorder's Court in a single § 2254 petition. As discussed above, Rule 2(e) requires separate petitions for judgments from each state court. Therefore, even though these three courts share the same geographic area of personal jurisdiction and have a degree of concurrent subject matter jurisdiction, Petitioner may not challenge all seven convictions in a single petition because they come from three separate and distinct state

---

[1] Rule 2(d) is the predecessor of the current Rule 2(e). The change in wording and location was part of a general restyling of the rules in 2004 and was not intended to make any substantive change. Advisory Committee Notes to the 2004 Amendments to Rule 2 of the Rules Governing § 2254 Cases in District Courts.

courts.[2] As a result, the petition is defective and must be dismissed without prejudice.

Accordingly, the Petition is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 12th day of November, 2008.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The petition would not have been defective if it challenged two separate convictions from the same state court.